## Fogelsanger's Estate.

*Decedents' estates—Sale of real estate—Joint petition for partition—Widow and minor children—Act of June 7, 1917, P. L. 337.*

Where, in a proceeding to sell the real estate of a decedent under the Act of June 7, 1917, P. L. 337, there is a widow and minor children, there must be, in the words of the act, a joint petition

for such sale, but where there are only minor children, having but one guardian, their petition for an order of sale, through him, is their joint petition within the meaning of the act.

Argued March 9, 1920. Appeal, No. 125, Jan. T., 1920, by B. F. Duke, purchaser of realty, from order of O. C. Franklin Co., discharging rule to set aside sale of real estate in estate of Frank B. Fogelsanger, deceased. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to set aside sale of real estate. Before GILLAN, P. J.

The opinion of the Supreme Court states the facts.

The court discharged the rule to set aside the sale. B. F. Duke, purchaser of realty, appealed.

*Error assigned* was the order of the court.

*J. R. Ruthrauff,* with him *W. O. Nicklas,* for appellant.

*Wm. S. Hoerner, Walter K. Sharpe, John R. Jackson* and *T. Z. Minehart,* for appellees, were not heard.

PER CURIAM, April 19, 1920:

Frank B. Fogelsanger died intestate January 5, 1910, and left to survive him as his sole heirs at law five minor children, for whom the Farmers & Merchants Trust Company, of Chambersburg, was appointed guardian. Section 23 of the Act of June 7, 1917, P. L. 337, provides: "Whenever any person shall die seized of real estate, and the parties in interest desire the same to be converted into money for distribution, it shall be lawful for the orphans' court of the proper county, in its discretion, upon the joint petition of the widow and heirs or devisees, and the guardians or committees of such as are minors or under disability, in whom the real estate of the

decedent shall have vested by descent or will, and legatees whose legacies are charged on said real estate, or the representatives of such as may be deceased or under disability, to order the executor or administrator, or a trustee to be appointed by said court, to make sale of said real estate." Under the foregoing provisions the court below, upon petition of the guardian of the minor children of the deceased, made an order for the sale of his real estate. He left no widow. The administrators to whom the order of sale was directed sold the real estate to D. R. and B. F. Duke, the latter the appellant, and the sale to them was duly confirmed. Subsequently they refused to accept the deed tendered to them by the administrators, upon the ground that the petition for the order of sale was not a joint one within the meaning of the statute. Where there is a widow and minor children there must be, in the words of the act, a joint petition, but where there are only minor children, having but one guardian, their petition for an order of sale, through him, is their joint petition within the meaning of the act. The court below correctly so held, and the contention of the appellant may properly be said to be hypercritical.

Appeal dismissed at appellant's costs.